**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

UNITED STATES OF AMERICA                    CRIMINAL ACTION

VERSUS                                                        NO: 20-41

LEON HENRY                                               SECTION: "A"

## <u>ORDER AND REASONS</u>

Before the Court is a **Motion to Vacate Pursuant to 28 U.S.C. § 2255 (Rec. Doc. 285)** filed by Defendant Leon Henry ("Henry"). The Defendant files his motion *pro se,* and the United States of America ("the Government") opposes the motion (Rec. Doc. 295). The Defendant's **Motion to Vacate Pursuant to 28 U.S.C. § 2255** (Rec. Doc. 285) is DENIED for the reasons set forth below.

I.    **Background**

Henry pled guilty to one count of conspiracy to distribute and possess with the intent to distribute heroin and cocaine, in violation of 21 U.S.C. § 846, pursuant to Count One of the bill of superseding indictment (Count 1), on January 28, 2022.[1] The Court sentenced Henry on April 19, 2022 to a term of 225 months of imprisonment, lower than the 240-month maximum.[2] During the rearraignment hearing, the Court asked Henry numerous times while he was under oath if he was pleading guilty because he was in fact guilty.[3] At one point during the rearraignment hearing, the Court asked Henry if he understood that the Court, "could impose the maximum possible sentence and fine for the charges which you're seeking to plead guilty? Do you understand that, Mr. Henry?" To which Henry replied, "Yes, sir." (Rec. Doc. 290, pp.18, ln. 19-23). Henry now seeks post-conviction relief, claiming ineffective assistance of counsel and that some enhancements in his Sentencing Guidelines were not properly applied. He is also claiming that the Court did not have

---

[1] Rec. Doc. 209.
[2] Rec. Doc. 278, pp. 2; Rec. Doc 283, pp. 16 and 19; Rec. Doc. 283, pp.14, 19.
[3] Rec. Doc. 290, pp. 19; *Id.* pp. 29-31; *Id.* pp. 33-34.

jurisdiction to hear his case.

## II.     Legal Standard

Section 2255 "provides the federal prisoner with a post-conviction remedy to test the legality of his detention by filing a motion to vacate judgment and sentence in his trial court." *U.S. v. Grammas,* 376 F.3d 433, 436 (5th Cir. 2004) (quoting *Kuhn v. U.S.,* 432 F.2d 82, 83 (5th Cir. 1970)). The statute establishes that a prisoner in custody under a sentence of a federal court "may move the court which imposed the sentence to vacate, set aside, or correct the sentence." *Id.* (quoting 28 U.S.C. § 2255). Where there has been a "denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." *Id.* Relief under 28 U.S.C. § 2255 is reserved for violations of constitutional rights and for a narrow range of injuries in federal criminal cases that could not have been raised on direct appeal and would result in a fundamental miscarriage of justice. *U.S. v. Petrus,* 44 F.3d 1004 (5th Cir. 1994) (citing *U.S. v. Vaughn,* 955 F.2d 367, 368 (5th Cir. 1992)).

A district court may deny a Section 2255 motion without conducting any type of evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *U.S. v. Arguellas,* 78 Fed. Appx. 984, 986 (5th Cir. 2003) (quoting 28 U.S.C. § 2255; *U.S. v. Bartholomew,* 974 F.2d 39, 41 (5th Cir. 1992)). In those cases, however, where the record does not conclusively negate a prisoner's entitlement to relief, contested fact issues may not be decided on affidavits alone. *Id.* (citing *Owens v. U.S.,* 551 F.2d 1053, 1054 (5th Cir. 1977)). No hearing is necessary if the issues raised have been previously decided on direct appeal, contain no constitutional violation, or lack support in the record. *U.S. v. McCollom,* 664

F.2d 56, 59 (5th Cir. 1981) (citing *Buckelew v. U.S.,* 575 F.2d 515 (5th Cir. 1978)).

## III.    Law and Analysis

Henry argues that his sentence should be vacated based upon four grounds: (1) that he received ineffective assistance of counsel; (2) that he should not have received a sentencing enhancement for being the leader of his conspiracy; (3) that he should not have received a sentencing enhancement for maintaining the stash house; (4) he challenges his drug quantity determination; and (5) he claims the Eastern District of Louisiana did not have jurisdiction to hear this case. (Rec. Doc. 285). The Government argues that the Court should deny Henry's motion because he waived his rights to appeal and file a collateral attack pursuant to his plea agreement, and his one potentially-cognizable claim is meritless. (Rec. Doc. 295).

Henry's plea agreement provides,

> The defendant in exchange for the promises and agreements made by the United States in this plea agreement, knowingly and voluntarily…waives and gives up any right to challenge his sentence collaterally, including but not limited to any and all rights which arise under Title 28, United States Code, Sections 2255 and 2241…and any other collateral challenges to his sentence of any kind… The defendant also retains the right to raise a claim of ineffective assistance of counsel in an appropriate proceeding.

(Rec. Doc. 220, pp. 3).

In consideration of a waiver in a plea agreement, "the law ordinarily considers a waiver knowing, intelligent, and sufficiently aware if the defendant fully understands the nature of the right and how it would likely apply in general in the circumstances." *U.S. v. Ruiz,* 536 U.S. 622, 629 (2002). After the Court thoroughly reviewed the details of the charges, Henry attested under oath at the rearraignment that he knowingly and voluntarily wished to plead guilty pursuant to the plea agreement. (Rec. Doc. 290 pp. 29-31; Rec. Doc. 290, pp. 22-23). The Court finds that Henry's claims of misapplication of sentencing enhancements, the drug quantity determination challenge,

and the lack of jurisdiction claim are barred by the waiver contained in the plea agreement. Even if these claims were not barred, they are neither cognizable under § 2255 nor do they have any merit.[4] Henry's only remaining claim is that he received ineffective assistance of counsel, which the Court also finds meritless for the reasons stated below.

      *a.  Ineffective Assistance of Counsel*

Henry only asserts one claim in his Motion that is cognizable under § 2255 and not barred by the waiver in his plea agreement: that he received ineffective assistance of counsel. He claims that his attorney promised Henry there would be no enhancement if he took the plea deal, that Henry's sentence would be seven to nine years if he took the plea deal, and he did not request a purity test on the drugs.

An accused is entitled, as a matter of constitutional law, to assistance of counsel. *U.S. v. Guerra,* 94 F.3d 989, 994 (5th Cir. 1996) (citing *Douglas v. Cal.,* 372 U.S. 353 (1963)). The representation must be effective. *Id.* (citing *Evitts v. Lucey,* 469 U.S. 387 (1985); *Lombard v. Lynaugh,* 868 F.2d 1475, 1481 (5th Cir. 1989)). To prevail on an ineffective assistance of counsel claim, the petitioner must satisfy the two-part test enunciated in *Strickland v. Washington,* 466 U.S. 668 (1984). First, the petitioner must establish that counsel's performance fell below an

---

[4]There is an abundance of case-law within this Circuit holding that the application of the Sentencing Guidelines in a given case are not grounds for relief under § 2255. *See generally United States v. Cervantes,* 132 F.3d 1106, 1109 (5th Cir. 1998); *United States v. Faubion,* 19 F.3d 226, 232 (5th Cir. 1994); *United States v. Walker,* 68 F.3d 931, 934 (5th Cir. 1995); *United States v. Payne,* 99 F.3d 1273, 1281-82 (5th Cir. 1996); *United States v. Brauher,* 699 F. App'x 439, 440 (5th Cir. 2017). Therefore, Henry's assertions regarding his stash house enhancement, his leadership role enhancement, and his drug quantity determination are not cognizable under § 2255. Additionally, the Court already addressed Henry's objection to the leadership role enhancement, and explained why the enhancement was properly included. (Rec. Doc. 290, pp. 7-9). The Government argues that Henry failed to file a direct appeal, offering another reason why these claims were procedurally defaulted. (Rec. Doc. 295, pp. 13). However, the Court notes that Henry waived his right to file a direct appeal, unless the sentence imposed by the district court was in excess of the statutory maximum. (Rec. Doc. 220, pp. 3). As he was sentenced to 225 months, well below the 240 month maximum, Henry waived his right to file a direct appeal.

objective standard of reasonableness. *Grammas,* 376 F.3d at 436 (citing *Strickland* 466 U.S. at 687). This reasonableness standard requires that counsel "research relevant facts and law, or make an informed decision that certain avenues will not be fruitful." *Id.* (quoting *United States v. Conley,* 349 F.3d 837, 841 (5th Cir. 2003)).

The second showing that petitioner must make is that he was prejudiced by counsel's substandard performance. *Grammas,* 376 F.3d at 436. "To prove prejudice, the defendant must show that there is a reasonable probability, that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* (quoting *Conley,* 349 F.3d at 841-42). The United States Court of Appeals for the Fifth Circuit "consider[s] such factors as the defendant's actual sentence, the potential minimum and maximum sentences that could have been received, the placement of the actual sentence within the range of potential sentences, and any relevant mitigating or aggravating circumstances." *United States v. Seglar,* 37 F.3d 1131, 1136 (5th Cir. 1994). If the defendant makes an insufficient showing on either one of the two prongs of the *Strickland* test the Court need not address the other. *Powell v. Owens,* 4343 F.3d 670 (5th Cir. 1994) (not published) (citing *Strickland,* 466 U.S. at 697).

Counsel in question was able to secure a plea deal "for Henry to reduced charges that eliminated altogether the quantity allegations such that Henry faced no mandatory minimum sentence and a maximum of 20 years rather than life." (Rec. Doc. 295, at 17). Additionally, Henry's attorney did everything he could in an attempt for Henry to receive the lightest sentence possible, filing two objections to the Pre-Sentence Report, one of which was successful and resulted in the removal of a sentencing enhancement for possession of a firearm.[5]

Henry's assertion that his counsel made promises to him regarding his sentence and that

---

[5] *See* Rec. Doc. 290, at 7-9 for a discussion of the objections made by defense counsel to the Pre-Sentence Report.

enhancements would not be implemented if he took the plea deal are simply not in the record. In fact, during his rearraignment, Henry swore under oath that no promises were made to him by his attorney, the Government, or anyone else. (Rec. Doc. 290, at 27). The Court conducted a thorough plea colloquy with Henry, the Government, and Henry's attorney regarding allegations Henry made during sentencing about whether any promises were made. (Rec. Doc. 283, at 5-6, and 15). This issue has already been adjudicated and the Court will not conduct the same investigation for a second time.

Finally, the purity test that the Defendant claims should have been requested is irrelevant as he was charged with conspiracy, and no substantive counts of possession of drugs with intent to distribute. The crux of conspiracy charges is the agreement amongst individuals to commit the crime, and not the actual crime itself. *United States v. Lutcher,* 87 F.3d 1312 (5th Cir. 1996) ("Lutcher presents no legal basis for this court to find plain error regarding counsel's alleged failure to obtain a laboratory report regarding the purity of cocaine. Drug purity is not an element of possession with intent to distribute [cocaine]") (*see also* 21 U.S.C. § 841(b)(1); Fifth Circuit Pattern Criminal Instruction 2.95A). Furthermore, a claim of ineffective assistance of counsel cannot be substantiated by a claim that counsel failed to request a drug purity test.

Accordingly;

IT IS ORDERED that the **Motion to Vacate Pursuant to 28 U.S.C. § 2255 (Rec. Doc. 285)** filed by Defendant Leon Henry is **DENIED.**

September 6, 2023

_____

JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

6